IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., )<br>)<br>)<br>)<br>)<br>            Plaintiff,        )<br>    vs.                               )<br>)<br>BURL GEORGE, et.al.,         )<br>)<br>)<br>            Defendants.    )<br>_____ ) | 1:08cv090 AWI DLB<br><br>FINDINGS AND<br>RECOMMENDATION<br>RE PLAINTIFF'S APPLICATION<br>FOR DEFAULT JUDGMENT<br><br>(Document 17) |

On April 17, 2008, Plaintiff J&J Sports Productions, Inc., ("Plaintiff") filed the present motion for default judgment against Defendant Consuelo D. Munoz ("Defendant"). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. The matter was heard on September 12, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. Thomas Riley appeared on behalf of Plaintiff. Defendant did not appear.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the instant action on January 17, 2008, against Defendants Burl George and Consuelo D. Munoz, dba El Palmar Restaurant.[1] The complaint alleges violations of 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as a state law cause of action for conversion, based on Defendants' alleged unlawful interception, receiving, and exhibiting of "The Battle;" Erik Morales v. Manny

---

[1] Plaintiff voluntarily dismissed Defendant George on May 15, 2008.

1

1  Pacquiao II WBC International Super Featherweight Championship Fight (the "Program"), on
2  January 21, 2006.  According to the complaint, Plaintiff was the exclusive commercial distributor of
3  the Program.

The First Cause of Action for violation of 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications) alleges that Defendants knowingly intercepted, received and exhibited the Program for purposes of direct or indirect commercial advantage or private financial gain.  The Second Cause of Action for violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services) is based upon the same allegations.  The Third Cause of Action for conversion alleges that Defendants tortiously obtained possession of the Program and wrongfully converted it for their own benefit.  Plaintiff alleges that these acts were willful and intentionally designed to harm Plaintiff and subject it to economic distress.

On April 10, 2008, Plaintiff filed a proof of service indicating that Defendant Munoz was served by substituted service on March 6, 2008.

On April 11, 2008, pursuant to Plaintiff's request, the Court entered default as to Defendant Munoz.

Plaintiff filed the instant motion on April 17, 2008, and subsequently re-noticed it for September 12, 2008.

Defendant did not oppose the motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides:

> (2)  By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"Upon default, the well pleaded allegations of the complaint relating to liability are taken as true." Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

## DISCUSSION

Pursuant to the Proof of Service filed with the Court on April 10, 2008, Defendant was served on March 6, 2008.

Defendant is not an infant or incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Declaration of Thomas P. Riley, ¶ 3.

The clerk entered default on April 11, 2008.

Having accepted the well pleaded allegations of the complaint as true, Plaintiff is entitled to judgment based on Defendant's violation of 47 U.S.C. § 605 and 47 U.S.C. § 553. Plaintiff requests damages of $50,000 for each statutory violation, arguing that persistent piracy of signals costs it, its customers and the community millions of dollars annually. While the Court recognizes that the deterrence of future violations is an important objective of the statutes at issue, the instant violations do not warrant such a large award. The facts before the Court indicate that Defendant's establishment was small, with a maximum capacity of 30 people. Mitch Gerking, Plaintiff's investigator, described the restaurant as small to medium sized, in fair condition. Gerking conducted three head counts while he was there, which were 18/20/20. He viewed the program on one television, a color 27" sitting on top of a refrigerator. There was no cover charge.

Accordingly, given the relatively small impact of Defendant's actions and the lack of proof that Defendant profited therefrom, the Court finds that $10,000 per statutory violation is an appropriate remedy.

**RECOMMENDATION**

Based on the above, the Court RECOMMENDS that judgment be entered in this action against Defendant, and RECOMMENDS that damages in the total amount of $20,000.00 be fixed as follows:

    1)    For violation of 47 U.S.C. section 605, the sum of $10,000; and

    2)    For violation of 47 U.S.C. section 553, the sum of $10,000.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days (plus three days if served by mail) after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

IT IS SO ORDERED.

    **Dated:**   **September 12, 2008**          **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE

4